IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JODY WAYNE PICKETT,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:17-CV-557-C-BH |
| | ) | |
| **BRIAN WILLIAMS, et. al,** | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

The plaintiff initially filed this action against the defendants in the United States District Court for the Eastern District of Texas on January 25, 2017, and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 1, 2.) The case was transferred to this district on February 27, 2017. (*See* doc. 4.) After he filed an amended motion, the plaintiff was granted leave to proceed IFP on March 16, 2017. (*See* docs. 8, 9.) On March 17, 2017, the Court sent him a questionnaire to obtain more information about his claims against the defendants. (*See* doc. 10.) The questionnaire specifically advised the plaintiff that his answers to the questions were due within fourteen days, and that a failure to timely file his answers could result in the dismissal of the case. *Id.* More than fourteen days from the date of the questionnaire have passed, but the plaintiff has not filed his answers or anything else in this case.

**II.  INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action

*sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the order that he file his answers to the questionnaire within fourteen days despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, his case should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### III. RECOMMENDATION

The plaintiff's case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files his answers to the questionnaire within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED on this 7th day of April, 2017.**

                                                                                    _____
                                                                                    IRMA CARRILLO RAMIREZ
                                                                                    UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE