IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JODY WAYNE PICKETT,            )<br>         Plaintiff,                           )<br>vs.                                             )       No. 3:17-CV-557-C-BH<br>                                                   )<br>BRIAN WILLIAMS, et. al,            )<br>         Defendants.                       )       Referred to U.S. Magistrate Judge | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED**.

### I. BACKGROUND

Jody Wayne Pickett (Plaintiff) sues Rockwell County, Texas, a Rockwell County judge in his individual capacity, and ten unnamed employees, agents, or private contractors of Rockwall County or the State of Texas, for alleged violation of his constitutional rights under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. (doc. 1 at 2-4, 8-11; doc. 12 at 2-7.)[1] He alleges that he was a spectator in the gallery of a courtroom during a hearing on June 1, 2016, when an attorney alleged that Plaintiff was filming the hearing. (doc. 1 at 5; doc. 12 at 2.) A bailiff told Plaintiff to stand up, and the judge ordered him to the bench and said that he would be held in contempt of court. (doc. 1 at 5.) The attorney asked the judge to confiscate Plaintiff's phone, and the judge ordered the defendant bailiff to seize the phone and examine it for any recordings. (*Id.*) Another unnamed defendant helped the bailiff search the phone, he but did not find any recordings of the court proceedings. (*Id.*) There was no sign prohibiting recordings. (*Id.*)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff alleges that the defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and the state constitution, and he seeks monetary damages, and declaratory and injunctive relief. (doc. 1 at 4, 8-12; doc. 12 at 2-7.)[2] He alleges that the violation of his constitutional rights was the result of an official policy of Rockwall County, but that the policy or custom, the policymaker, and how the policy or custom was the moving force behind the constitutional violations are unknown and will be determined through discovery. (doc. 12 at 5.) For the unnamed defendants, he states that their names and descriptions, their addresses, the capacity in which they are sued, the causes of action against them, the constitutional or federal law provisions they violated, their actions, and the relief he seeks from them are also unknown and will be determined through discovery. (doc. 12 at 5-6.) No process has been issued.

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its

---

[2] Plaintiff's complaint appears to also assert a violation of the state constitution and unspecified tort claims, but his answers to a magistrate questionnaire did not identify or assert these causes of action against any defendant. (*See* doc. 1 at 8-10; *compare* doc. 12 at 2-7.)

2

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983. (doc. 1 at 1.) Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.    Judge**

The Supreme Court has recognized absolute immunity for judges acting in the performance of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id.* at 11. A plaintiff can overcome the bar of judicial immunity only under two very limited circumstances. *See Mireles*, 502 U.S. at 11–12; *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

First, a judge is not immune from suit for actions that are not "judicial" in nature. *See Mireles*, 502 U.S. at 11. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Davis v. Tarrant*

*County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (quoting *Mireles*, 502 U.S. at 12). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should] look to the particular act's relation to a general function normally performed by a judge . . . ." *Id*.

> [The Fifth Circuit] has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. These factors are broadly construed in favor of immunity.

*Davis*, 565 F.3d at 222–23 (citations omitted). "The absence of one or more factors will not prevent a determination that judicial immunity applies." *Carter v. Carter*, No. 3:13-CV-2939-D (BF), 2014 WL 803638, at *1 (N.D. Tex. Feb. 20, 2014) (citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005)). Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 12; *see also Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).

Although Plaintiff alleges that the judge was not acting in his judicial capacity and was acting without jurisdiction (doc. 12 at 2), he does not allege any facts in support of those allegations. The facts that he does allege show that the judge was acting in his judicial capacity and within his jurisdiction. The events of Plaintiff complains occurred during a court proceeding in the judge's courtroom where Plaintiff was a spectator and resulted from information that Plaintiff was recording the proceedings. Judges act within their jurisdiction and are entitled to absolute immunity when they "maintain the decorum and security of their courtrooms and the courthouses in which those courtrooms are located." *Huminski v. Corsones*, 396 F.3d 53, 77-78 (2d Cir. 2005). Plaintiff's claims against the judge are therefore based on actions that are normally performed by a judge. *See*

4

*id*. Plaintiff's claims against the judge are barred by judicial immunity.[3]

**B.      County**

Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05–CV–798–A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id*. (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.

"Official policy" is defined as:

---

[3] Federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. 3:06-CV-879-BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). To the extent that Plaintiff asserts any state law claims against the judge, they form part of the same case or controversy as the federal claims or derive from one common nucleus of operative fact. The judge therefore also has immunity from any state law claims.

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially constitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to known or obvious consequences that constitutional violations would result. *Piotrowski*, 237 F.3d at 579-80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849-50 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

"The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation

omitted).  In *Spiller*, the Fifth Circuit found the allegation that "[an officer] was acting in compliance with the municipality's customs, practices or procedures" insufficient to plead municipal liability. *Spiller*, 130 F.3d at 167.  It also found that an assertion that several policies "led to" unspecified "unconstitutional arrests and confinements," and that a departmental policy of "engag[ing] in conduct toward African American citizens without regard to probable cause to arrest" were too vague and conclusory to support alleged municipal liability under *Monell*.  *Id.*

In addition, a single incident is insufficient to infer an official policy or custom.  *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009); *Pineda*, 291 F.3d at 329; *Piotrowski*, 237 F.3d at 581; *see also Hester v. Dallas Cty. Jail*, No. 3:11-CV-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012) ("His single alleged incident is insufficient to infer that Dallas County has an official customary policy or custom of failing to protect inmates at the county jail."), *adopted by* 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012).

Here, Plaintiff alleges that the constitutional violations were the result of an official policy or custom of Rockwall County, but he asserts that the policy, policymaker, and how the policy was the moving force behind the constitutional violations are unknown at this time.  He does not identify a policy statement, ordinance, regulation, or decision that was officially adopted and promulgated by the county's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority, or allege that any such policy was the moving force behind the alleged violations.  He does not allege a persistent, widespread practice.  He only makes a conclusory allegation regarding a single incident.  Mere assertions that there was a policy is insufficient to allege municipal liability for any constitutional violation.  *See Kremelberg v. Keeling*, No. 15-CV-3695-K, ,2016 WL 7744408, at *10 (N.D. Tex. Dec. 12, 2016), *rec. adopted*, 2017 WL 131822 (N.D. Tex. Jan. 12, 2017) (allegation that there was a policy, and assertion that discovery would be required to

prove that officers were following policy, were insufficient to allege municipal liability under *Spiller*).

Plaintiff also contends that the policymaker is unknown until discovery. Although a plaintiff need not allege the specific identity of the policymaker, which can be determined through discovery, he must plead facts that show that the policy was promulgated or ratified by the policymaker. *Id.*, at *8. Plaintiff has not alleged any facts to show involvement by the county or its policymakers, so he has not alleged sufficient facts to state a plausible claim against Rockwall County for any constitutional violations. *Id.*

### C.     Unnamed Defendants

A civil rights action may be initiated against unidentified defendants when their true names are not yet known but may be learned. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390 n.2 (1971) (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney). "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 F. App'x 717, *3 (5th Cir. 2007), *citing Colle v. Brazos County*, 981 F.2d 237, 243 n.20 (5th Cir. 1993); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants); *Hittle v. City of Garland*, 1 F.3d 1236 (5th Cir. 1993) (unpublished opinion) (same).

Discovery is warranted when it is possible that a plaintiff could identify unknown defendants by physical descriptions, partial names or nicknames, position, date, time and/or specifics of the incident, or from duty rosters and personnel records, records available to the defendants' representative, or known defendants who were participants in the same incident as the unknown

defendant. *See Murphy*, 950 F.2d at 293 (identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records); *Green*, 260 F. App'x 717, at *2 (identity of unknown correctional officer could be determined based on physical description of officer on duty at time and place of incident); *Bivens*, 403 U.S. 390 n.2 (identities of officers who arrested defendant could be determined from U.S. Attorney's records).

### *1.    Quasi-Judicial Immunity*

Plaintiff sues the unnamed bailiff who searched his phone at the judge's direction and an individual who assisted him.

Individuals who perform judicial functions "have absolute [quasi-judicial] immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001); *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981); *see also Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996) (holding that officials acting within the scope of their authority enjoy absolute immunity "from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid judicial order issued by a court acting within its jurisdiction"). The reasoning for such immunity is that "court personnel should not serve as a lightening rod for harassing litigation." *In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002). They "enjoy [ ] only qualified immunity[, however,] for those routine duties not explicitly commanded by a court decree or by the judge's instructions." *Clay*, 242 F.3d at 682.

Here, because Plaintiff alleges that these two defendants were employees, agents, or private contractors of Rockwell County or the State of Texas who acted on the judge's order, they are entitled to absolute quasi-judicial immunity, and the claims against them should be dismissed. *See Martin v. Hendren*, 127 F.3d 720, 722 (8th Cir. 1997) (officer working in courtroom had quasi-

judicial immunity for carrying out judge's order to arrest someone); *Tobias v. Price*, No. 3:06-CV-1361-M, 2009 WL 3681981, at *6 (N.D. Tex. Nov. 4, 2009) (court security officer had quasi-judicial immunity for removing a disruptive court spectator).

### 2. *Lack of Identifying Information*

Plaintiff's claims against the remaining unnamed defendants may be dismissed because he has not provided any identifying information about them by which their identities could be learned through discovery. He also does not allege any actions by the remaining defendants that would provide a basis for identifying them or that would support any claim against them, so his claims against them should be dismissed for failure to state a claim. *See Thomas v. State*, 294 F. Supp. 3d 576, 619 (N.D. Tex. 2018).

## IV. SECTION 1985

Plaintiff also sues under 42 U.S.C. § 1985. (doc. 1 at 1.) Section 1985 "creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights under that section" and permits a person injured by a conspiracy to deprive him of equal protection of the laws to recover damages. *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). Although Plaintiff does not specify the subsection upon which he relies, his claim may be liberally construed as arising under the second clause of § 1985(2) and § 1985(3).[4]

The second clause of § 1985(2) "prohibits conspiracies to deny any citizen equal protection of the laws." (*See* doc. 79 at 31.) *see* 42 U.S.C. § 1985(2). Subsection 3 prohibits a conspiracy to

---

[4] Plaintiff does not appear to allege any facts that invoke § 1985(1), which deals with preventing a federal officer from performing his or her duty. *See Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Nor does he appear to allege any facts that invoke the first clause of § 1985(2), which "prohibits conspiracies to deter witnesses from attending court or testifying, punishing witnesses who have so attended or testified, or injure jurors." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 687 n.6 (5th Cir. 2010). This clause has been read as protecting any party, witness, or juror from intimidation regardless of any racial animus on the part of the defendant. *Montoya*, 614 F.3d at 149 (citing *Kush*, 460 U.S. at 723–27).

deprive any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the law. 42 U.S.C. § 1985(3). To state a claim under § 1985(3), Plaintiff must allege: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprives him of a right or privilege of a United States citizen. *See Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994); *Deubert v. Gulf Fed. Sav. Bank*, 820 F.2d 754, 757 (5th Cir. 1987). He must further allege that the conspirators were motivated by his race. *Horiast v. Doctor's Hosp. Of Opelousas*, 255 F.3d 261, 271 (5th Cir. 2001). Since the equal protection language in the second clause of § 1985(2) parallels the equal protection language in § 1985(3), the race or class-based animus requirement of § 1985(3) also applies to claims under the second clause of § 1985(2). *See Daigle v. Gulf State Utils. Co., Local Union No. 2286*, 794 F.2d 974, 979 (5th Cir. 1986) (citing *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 346 (5th Cir. 1981) (en banc)).

Here, Plaintiff does not allege any race or class-based discrimination or that any conspiracy was motivated by race or class-based animus. His § 1985 claim is therefore subject to dismissal for failure to state a claim. *See Thomas v. State*, 294 F. Supp. 576, (N.D. Tex. Feb. 13, 2018), *rec. adopted* 2018 WL 1254926 (N.D. Tex. Mar. 12, 2018) (dismissing § 1985 claim for failure to state a claim where plaintiff did not allege that a conspiracy was motivated by race or class-based animus).[5]

---

[5] Additionally, any § 1985 claim against the judge is barred by judicial immunity, and any claim against the unnamed bailiff and other court employee are barred by quasi-judicial immunity for the same reasons as the § 1983 claim. *See Mylett v. Mullican*, 992 F.2d 1347, 1352 (5th Cir. 1993) (judicial immunity and quasi-judicial immunity apply to claims under § 1985). The law presumes that municipalities are incapable of entering into conspiracies. *See Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998); *Hiliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). The county

11

## V. SECTION 1986

Plaintiff also sues under 42 U.S.C. § 1986. (doc. 1 at 1.) Section 1986 "extends liability in damages to those persons 'who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 . . . are about to be committed, and having power to prevent or aid in prevention commission of the same, (neglect or refuse) so to do." *Bradt v. Smith*, 634 F.2d 796, 801-02 (5th Cir. 1981) (citing 42 U.S.C. § 1986) (parenthesis in *Bradt*). "This section on its face requires the existence of a valid claim under § 1985." *Id*. (citation omitted). As discussed, Plaintiff has failed to state a claim under § 1985. Accordingly, he has also failed to state a claim upon which relief may be granted under § 1986, and these claims should be dismissed.

## VI. SECTION 1988

Plaintiff sues under 42 U.S.C. § 1988. (doc. 1 at 1.)

Section 1988 "does not provide an independent cause of action for alleged deprivations of Plaintiff's constitutional rights, but only instructs 'federal courts as to what law to apply in causes of action arising under federal civil rights acts." *Morris v. UT Southwestern Medical Center Hospital Dallas*, No. 3:15-CV-305-B, 2015 WL 13735860 at *5 (N.D. Tex. Sept. 23, 2015) (quoting *Moor v. County of Alameda*, 411 U.S. 693, 703-04 (1973)), *rec. adopted*, 2015 WL 7184878 (N.D. Tex. Nov. 16, 2015). "Section 1988 is a claim for attorneys' fees and first requires successful enforcement of a claim under §§ 1981, 1983, or 1985. [It] does not create or provide for a cause of action by itself ... ." *Ragsdale v. Classroom Teachers of Dallas*, No. 3:06-CV-863-H, 2007 WL 426502 at *6 (N.D. Tex. Feb. 5, 2007). To the extent that Plaintiff seeks to be awarded costs for

---

therefore cannot be liable under § 1985. *See Mitchell v. City of Sugar Land*, No. G–10–223, 2011 WL 1156253, at *8 (S.D. Tex. Mar. 25, 2011); *see also Batiste v. City of Beaumont*, 421 F. Supp. 2d 969, 986 (E.D. Tex. 2005). Plaintiff also fails to state claims against the remaining unnamed defendants because he does not allege any actions by them that would provide a basis for identifying them or that would support any claim against them. *See Thomas*, 294 F. Supp. 3d at 619.

litigating this case, he is not a prevailing party, and he is not entitled to any costs. *See* § 1988(b).

## VII.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 24th day of June, 2019.**

                                             _____
                                             IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                             _____
                                             IRMA CARRILLO RAMIREZ
                                             UNITED STATES MAGISTRATE JUDGE